IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GUY M. ERVIN and § | | |
| TANIS ERVIN § | | PLAINTIFFS |
| § | | |
| v. § | | Civil Action No. 1:10cv333-HSO-JMR |
| § | | |
| THE NACHER CORPORATION, § | | |
| *et al.* § | | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER DENYING THE NACHER CORPORATION'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment [357] filed by The Nacher Corporation ["Nacher"] on March 15, 2012. Plaintiffs Guy M. Ervin and Tanis Ervin have filed a Response [362] in opposition to the Motion, and Nacher has filed a Reply [373]. After consideration of the Motion, the related pleadings, the record, and the relevant legal authorities, the Court finds that there are genuine disputes of material fact requiring resolution at trial. The Motion for Summary Judgment [357] should be denied.

I. BACKGROUND

Plaintiffs filed their Complaint [1] on July 23, 2010, naming Nacher, Signal International, LLC ["Signal"], and Diamond Offshore Drilling, Inc. ["Diamond Drilling"], as Defendants. Plaintiffs filed a First Amended Complaint [150] on July 5, 2011, adding Diamond Offshore Services Company ["Diamond Services"] as a Defendant. A Second Amended Complaint [252] followed on October 5, 2011, naming Diamond Offshore Management Company ["Diamond Management"] as another Defendant.

This dispute stems from an incident in which Mr. Ervin purportedly sustained injuries on March 28, 2009, aboard the D/S OCEAN TITAN. The D/S OCEAN TITAN was a "jack-up" drilling vessel. Plaintiffs allege that the vessel was owned by Diamond Services, that it was berthed at Signal's shipyard for repairs and maintenance when the incident occurred, and that Diamond Management employees served aboard the vessel as its crew. Second Am. Compl. [252], at p. 3. Employees of Benchmark Instrumentation, Inc. ["Benchmark"],[1] were also aboard the D/S OCEAN TITAN to perform repair and/or maintenance services to the vessel's three main cranes. *Id.* Because Benchmark needed additional electricians to perform the necessary services to the cranes, Mr. Ervin's employer, Joe Gay Electrical Contractors, asked him to assist Benchmark in its work aboard the vessel. *Id.* at pp. 3–4.

Mr. Ervin worked retrofitting and rewiring the motor of the vessel's starboard main crane. *Id.* at p. 4. Plaintiffs contend that the walkway on the vessel's starboard jack-up leg, which Mr. Ervin traversed in order to perform his work, was obstructed by "large and small hoses, grease, and loose objects." *Id.* According to Plaintiffs, the "hazardous conditions" were reported by Benchmark's supervisor to a Diamond Management safety coordinator. *Id.* Nevertheless,

---

[1]Benchmark was a Third Party Defendant, *see* Diamond Drilling's Third Party Compl. [23], Liberty Mutual Insurance Company's Third Party Compl. [268], as well as a Third Party Claimant, *see* Benchmark's Counterclaim against Diamond Drilling [57]. Upon the request of the parties, the Court dismissed Diamond Drilling's Third Party Complaint against Benchmark, Benchmark's Counter-Claim against Diamond Drilling, and Liberty Mutual's Third Party Complaint against Benchmark. Order [108], at p. 1; Order [335], at p. 1.

Plaintiffs allege that

> [w]hile Mr. Ervin was carrying heavy crane electrical panel parts through the walkway area obstructed by the hose coil, either a Nacher employee or someone else engaged in water blasting or pressure washing work upon the starboard jack-up leg pulled on the hose. This tripped Mr. Ervin, causing him to lose his balance and fall.

*Id.* Mr. Ervin claims he was injured in this fall. *Id.*

Mr. Ervin asserts a negligence claim against Diamond Services in its capacity of owner of the D/S OCEAN TITAN, pursuant to 33 U.S.C. § 905(b). Alternatively, he advances a negligence claim under general maritime law against Diamond Services, Diamond Management, Nacher, and Signal. He further seeks to apply the principles of *respondeat superior* and *res ipsa loquitur* to hold Defendants liable. Mrs. Ervin raises loss of consortium and society claims.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

B. <u>Analysis</u>

Nacher's Motion challenges Mr. Ervin's negligence claim under general maritime law. The United States Court of Appeals for the Fifth Circuit has explained that

> [t]o establish maritime negligence, a plaintiff must "demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by [the] plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury."

*Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) (quoting *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991)).

Nacher argues that "there is no genuine issue of any material fact that Nacher did not breach any duty to plaintiff Michael Ervin such that it is entitled to a summary judgment as a matter of law." Mot. [357], at p. 1. Nacher contends that the hose over which Mr. Ervin claims to have tripped did not belong to it, and that none of its employees could have been the individual who purportedly pulled the hose and caused Mr. Ervin to trip. Plaintiffs counter that there are genuine disputes of material fact which preclude summary judgment on this claim.

Reviewing the evidence submitted by the parties in the light most favorable to the non-movants, as it must, the Court is of the opinion that there remain genuine disputes of material fact as to Mr. Ervin's negligence claim against Nacher. These disputes include, but are not limited to, whether Nacher owned or controlled the hose over which Mr. Ervin allegedly tripped and whether a Nacher employee pulled the hose which purportedly caused Mr. Ervin to fall. The Court has been presented with conflicting competent evidence on these points. *See, e.g.,* Decl. of Felipe Duran,

at pp. 1–2, attached as Ex. "15" to Mot. for Summ. J. [357]; Decl. of Jesus Dela Fuente, at pp. 1–3, attached as Ex. "16" to Mot. for Summ. J. [357]; Decl. of Miguel Briones, at pp. 1–2, attached as Ex. "18" to Mot. for Summ. J. [357]; Dep. of Michael Cantin, at pp. 25–29, 49, 54–55, attached as Ex. "A" to Pl.'s Mem. in Opp'n [364]; Dep. of Guy M. Ervin, at pp. 32–33, attached as Ex. "B" to Pl.'s Mem. in Opp'n [364]. Based on the foregoing, summary judgment would be inappropriate.

III.  CONCLUSION

For the reasons stated herein, the Court finds that Nacher's Motion for Summary Judgment [357] should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion for Summary Judgment [357] filed by The Nacher Corporation on March 15, 2012, is **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 5th day of June, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE